NELSON P. COHEN
United States Attorney

MICHAEL G. PITMAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7938
michael.g.pitman@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Northstar Energy Group, Inc.,<br><br>Defendant. | Civil No. 3:03-cv-149-JKS<br><br>Consolidated with:<br><br>Civil No. 3:04-cv-29-JKS |
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Phillip LaFleur, Northstar Energy Group, Inc., and State of Alaska Child Support Enforcement Agency<br><br>Defendants. | PLAINTIFF UNITED STATES'<br>MOTION TO REOPEN CASE<br>AND ENTER JUDGMENT |

Northstar Energy Group, Inc.,

    Third-Party Plaintiff,

    v.

Phillip LaFleur, and State of Alaska Child Support Enforcement Agency,

    Third-Party Defendants.

---

State of Alaska, Department of Revenue, Child Support Enforcement Division,

    Cross-claim Plaintiff,

    v.

Northstar Energy Group, Inc.,

    Cross-claim Defendant.

The United States of America, through its undersigned counsel, hereby moves this Court for an Order reopening this matter and entering Judgment against Phillip LaFleur in favor of the United States for the following reasons:

## BACKGROUND

The United States initiated an action against Philip LaFleur (3:04-cv-29-JKS) in order to reduce assessed tax liabilities to judgment, and an action against Northstar

Energy Group (3:03-cv-149-JKS) to enforce a levy against Philip LaFleur's funds in Northstar's possession. The two cases were consolidated by an Order issued on April 27, 2004. (3:04-cv-29-JKS: Doc. # 17). Thereafter, the Court granted the United States' Motion for Summary Judgment against Philip LaFleur by a Minute Order dated August 5, 2005. (3:03-cv-149-JKS: Doc. # 39, attached as Exhibit 1). Philip LaFleur filed a Motion for Reconsideration, (3:03-cv-149-JKS: Doc. # 40, attached as Exhibit 2), which was denied on August 17, 2005, (3:03-cv-149-JKS: Doc. # 41, attached as Exhibit 3). Although no final judgment was ever entered, the case was subsequently closed by the Clerk.[1]

## DISCUSSION

The Court decided the merits of the controversy between the United States and Philip LaFleur in favor of the United States on August 5, 2005:

> [T]he Government moves for summary judgment against Third-Party Defendant Philip LaFleur. Docket No. 36. It asks the Court to reduce the $242,646.12[2] in tax assessments against LaFleur to a judgment in the Government's favor. . . . Having

---

[1] The case was closed despite the fact that the Court never entered a Rule 54(b) certification or an Order that can be interpreted as a "final judgment." *See, e.g.,* Exhibit 3 at 3 (there has not been a final judgment until "either a Rule 54(b) certification [is] entered or all of the issues in the case [are] resolved."). Under the circumstances, the closure of this case is most properly interpreted as an administrative termination, and as such had no legal significance other than removing the consolidated case from the Court's docket. *See, e.g., Dees v. Billy,* 394 F.3d 1290, 1294 (9th Cir. 2005); *Penn West Assocs., Inc. v. Cohen,* 371 F.3d 118, 124-29 (3d Cir. 2004); *Lehman v. Revolution Portfolio L.L.C.,* 166 F.3d 389, 391-392 (1st Cir. 1999). Accordingly, it is within the Court's discretion to reopen the consolidated case, *see Lehman,* 166 F.3d at 392, and reopening is justified here for the limited purpose of entering a judgment to enforce the Court's ruling on the merits.

[2] In the intervening years, the amount owed by Philip LaFleur has changed due, *inter alia,* to the accrual of interest and penalties as well as a partial recovery from Defendant Northstar Energy Group, Inc. The current balance due, calculated as of June 7, 2007, is $161,669.83. *See* Declaration of Teresa M. Bustos, attached as Exhibit 4, at ¶ 3.

reviewed the Government's motion in accordance with Local Rule 7.1(d) and having found it meritorious, the Court will **GRANT** the motion for summary judgment at Docket No. 36. **IT IS SO ORDERED.**

Exhibit 1. However, the August 5, 2005 Order cannot be interpreted as an enforceable final judgment, and the Court never did enter a "final judgment" or a Rule 54(b) certification in favor of the United States and against Philip LaFleur. Since August 2005, the United States has attempted to recover funds owed by Philip LaFleur from, *inter alia*, Defendant Northstar Energy Group, Inc. Now that those efforts have run their course, the United States intends to secure an abstract of judgment to facilitate the creation of a judgment lien against Philip LaFleur. Accordingly, as a first step in that process, the United States now brings the instant motion, pursuant to Fed. R. Civ. P. 7(b), for an Order reopening the case for the sole purpose of entering a judgment memorializing the Court's August 5, 2005 ruling on the merits.

WHEREFORE the United States respectfully requests that the Court grant the instant motion, reopen the case, and enter an Order reducing the United State's tax assessments against LaFleur to a final judgment.

PLAINTIFF UNITED STATES' MOTION TO REOPEN CASE AND TO ENTER JUDGMENT

4

U.S. v. Northstar; U.S. v. LaFleur, et al.;
Northstar v. LaFleur, et al.; State v. Northstar
Case No. 3:03-cv-149-JKS (Consolidated)

DATED this 14th day of May, 2007.

Respectfully submitted,

                              NELSON P. COHEN
                              United States Attorney

                              /s/ Michael G. Pitman
                              MICHAEL G. PITMAN
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 683
                              Ben Franklin Station
                              Washington, D.C. 20044
                              Telephone: (202) 305-7938
                              michael.g.pitman@usdoj.gov

PLAINTIFF UNITED STATES' MOTION TO
REOPEN CASE AND TO ENTER JUDGMENT

5

U.S. v. Northstar; U.S. v. LaFleur, et al.;
Northstar v. LaFleur, et al.; State v. Northstar
Case No. 3:03-cv-149-JKS (Consolidated)