# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NORTHSTAR ENERGY GROUP, INC.,<br>a Nevada Corporation,<br><br>　　　　　Defendant. | Case No. A03-0149 CV (JKS)<br>consl. w/ A04-0029 CV (JKS)<br><br>O R D E R |
| NORTHSTAR ENERGY GROUP, INC.,<br>a Nevada Corporation,<br><br>　　　　　Third-Party<br>　　　　　Plaintiff,<br><br>　vs.<br><br>PHILLIP LaFLEUR and STATE OF<br>ALASKA, CHILD SUPPORT<br>ENFORCEMENT AGENCY,<br><br>　　　　　Third-Party<br>　　　　　Defendants. | |

　　The United States brings this action against Northstar Energy Group, Inc., alleging that Northstar wrongfully failed to honor certain tax levies in which the Government sought to collect taxes due but unpaid from Philip LaFleur, an employee or officer of Northstar. Northstar filed a third-party claim against LaFleur and the State of Alaska's Child Support Enforcement Division. Ultimately, on April 27, 2004, this case was consolidated with *United States v. LaFleur, et al.*, A04-0029 CV (JKS). *See* Docket Nos. 11; 12.

1

On August 23, 2004, LaFleur entered the appearance of his attorney and filed an answer to the third-party claim by Northstar. Docket Nos. 25; 26. In his answer, LaFleur acknowledged that on March 8, 2004, LaFleur was defaulted in A04-0029 CV (JKS) prior to its consolidation with this case. He conceded that he owed the Government for back taxes but indicated that he might contest the amount of the tax assessment and if so, might seek to set aside the default. Docket No. 26 at 2 n.1. In the meantime, all of the parties stipulated to an extension of all pretrial deadlines to and including March 31, 2005. *See* Docket No. 28.

On March 30, 2005, the United States filed a second motion to extend deadlines, this time until May 31, 2005. Docket No. 32. The State agreed to the extension. Docket No. 35. Northstar initially opposed a further extension of deadlines, Docket No. 33, but then agreed to the extension. Docket No. 34. *Lafleur did nothing.*

On June 27, 2005, the United States moved for summary judgment against LaFleur to determine the amount for taxes, penalties, and interest owed but unpaid. Docket No. 36. The motion to extend deadlines at Docket No. 32 had not been granted but as of that time was ripe and had not been opposed by anyone. If it were granted, the close of discovery would have been May 31, 2005, and a dispositive motion timely if filed within thirty days thereafter. *See* Docket No. 10 at 4. Thus, assuming that the unopposed motion to extend deadlines were granted, the motion for summary judgment would have been timely. Opposition to the motion for summary judgment would have been due eighteen days after filing or on or before Friday, July 15, 2005. *See* D. Ak. LR 7.1; Fed. R. Civ. P. 6(e). *LaFleur never opposed the motion for summary judgment, never opposed the motion for extension of deadlines, and never sought additional time pursuant to Federal Rule of Civil Procedure 56(f).*

On July 19, 2005, LaFleur filed what he termed a "Request for Direction from the Court." Docket No. 38. In it he noted that the summary judgment motion would have been untimely under the initial Scheduling and Planning Order as extended by the joint stipulation. The "Request" ignored, however, the pending motion to extend, which was ripe and unopposed. Significantly, LaFleur did not seek to enter an untimely opposition to either the motion for summary judgment or the motion to extend deadlines. Viewed charitably, LaFleur apparently wanted an affirmative

ORDER

response from the Court regarding the pending motion to extend before he prepared a response to the motion. But as we shall see that strategy was flawed. First, LaFleur argued that where a party is in default, the opposing party may not reduce its claim to judgment until all claims against all parties are resolved. *See* Fed. R. Civ. P. 54(b).

Clearly his Rule 54(b) argument is wrong. Rule 54(b) addresses the point at which a right to appeal is ripe. Generally, where there are multiple parties and multiple issues, an appellate court prefers to receive the entire case at once and not be subjected to piecemeal appeals. Rule 54(b) therefore gives the parties guidance as to the effect upon their appellate rights of judgments that address fewer than all of the issues and fewer than all of the parties. The Federal Rules certainly contemplate the entry of partial summary judgment prior to entry of a final judgment resolving all issues. Such partial judgments are open to modification or revision up to the point that all issues are finally resolved. *See* Fed. R. Civ. P. 54.

The Government did not seek to subject LaFleur to the immediate need to appeal. The availability of a judgment that is not final is more clear in the case of someone in default where the rules contemplate an immediate judgment either by the clerk where, as here, the amount in controversey is a sum certain, *see* Fed. R. Civ. P. 55(b)(1), or by the court where the amount is unliquidated, *see* Fed. R. Civ. P. 55(b)(2). In the latter situation, it would appear that a party could use Civil Rule 56 to determine the amount of damages where there are no disputed issues of material fact and the moving party, by virtue of the entry of default, is entitled to judgment as a matter of law. Any default judgment entered, like any partial summary judgment entered, would be subject to Rule 54(b) and would not become final for purposes of appeal until either a Rule 54(b) certification was entered or all of the issues in the case were resolved. In short, even if the "Request" is deemed an opposition, it would not justify delay in entering judgment. It was potentially wrong on the facts if the Court eventually got around to ruling on the ripe motion to extend deadlines and was definitely wrong on the law because it misinterpreted and misapplied Rule 54(b).

ORDER

It must be remembered that LaFleur is represented by counsel. He is not proceeding pro se. The Court therefore considered the record, and on August 5, 2005, granted (1) the motion to extend deadlines and (2) the motion for summary judgment. Docket No. 39.

LaFleur has now moved for reconsideration, repeating the factually and legally irrelevant arguments from his "Request." Docket No. 40. There is no basis for reconsideration. Nothing was overlooked, except perhaps by LaFleur. On the other hand, candor requires the observation that the Court did not view the "Request" as an opposition to the motion since it was legally and factually untenable. If LaFleur has an opposition to the motion for summary judgment that he failed to file, he should seek an untimely extension of time pursuant to Federal Civil Rules 6(b)(2) and 56(f), supported by a showing of excusable neglect.

**IT IS THEREFORE ORDERED:**

The motion for reconsideration at **Docket No. 40** is **DENIED**.

Dated at Anchorage, Alaska, this 16 day of August 2005.

/s/ James K. Singleton
JAMES K. SINGLETON, JR.
United States District Judge

A03-0149--CV (JKS)   ✓ K. BLAIR
-----------------      on 8/17/05
✓ L. LATTA JR
✓ R. BUNDY (DORSEY)
✓ K. FITZGERALD

ORDER